UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                          **ORDER**
                                            Criminal File No. 04-313 (MJD/FLN)

(1) LARRY DARNELL WILLIAMS,

       Defendant.

_____

Erica MacDonald and Chris Wilton, Assistant United States Attorneys, Counsel for Plaintiff.

Andrea K. George, Office of the Federal Defender, Counsel for Defendant Larry Darnell Williams.

_____

## I.    INTRODUCTION

This matter is before the Court on Defendant Larry Darnell Williams' letter [Docket No. 188] in which he requests that this Court recuse itself and refer this case to another judge and states that he is dissatisfied with his current counsel.

## II.    REQUEST FOR RECUSAL

A court should recuse itself if the court's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Thus, a court should recuse itself if it is shown that the court has a "personal bias or a prejudice arising from an extrajudicial

1

source." Rossbach v. United States, 878 F.2d 1088, 1089 (8th Cir. 1989).

"Decisions on recusal or disqualification motions are committed to the district court's sound discretion." Larson v. United States, 835 F.2d 169, 172 (8th Cir. 1987).

Williams asserts that this Court has a personal relationship with his former attorney, Calandra Harris, that creates a conflict of interest in this case. The Court finds no merit in Defendant's argument. The Court has had no interactions with Harris outside official interactions in this case and has had no ex parte interactions with Harris. The Court does not have a personal relationship with Harris. Defendant has not shown that this Court has a personal bias or prejudice arising from an extrajudicial source. Williams' request for recusal is denied.

## III.    WILLIAMS' DISSATISFACTION WITH HIS CURRENT COUNSEL

Williams also states that he does not wish to proceed with his current counsel. The Court analyzes Williams' dissatisfaction both as a request for substitute counsel and as a request to proceed pro se.

"A defendant must show justifiable dissatisfaction with appointed counsel in order to be granted a substitute." United States v. Exson, 328 F.3d 456, 460 (8th Cir. 2003). The decision whether to grant a motion for appointment of new counsel is within the discretion of the district court. Id. In this case, the Court finds that Williams has not shown justifiable dissatisfaction with his appointed

2

counsel. He alleges no specific deficiency in his representation. The Court observes that his counsel has tenaciously and thoroughly pursued his post-trial motions. The Court will not appoint substitute counsel.

"A defendant may represent himself only if he makes a knowing, intelligent, and voluntary waiver of his Sixth Amendment right to counsel." United States v. Stewart, 20 F.3d 911, 917 (8th Cir. 1994) (citation omitted). The Court finds that Williams' letter to the Court, which only mentions his dissatisfaction with his counsel in one sentence, does not constitute a knowing, intelligent, and voluntary waiver of his Sixth Amendment right to counsel. Thus, the Court will not permit Williams to proceed pro se at this time.

Based upon the files, records, and proceedings herein **IT IS HEREBY ORDERED** that:

1. Defendant Larry Darnell Williams' letter request for recusal [Docket No. 188] is **DENIED**.

2. Williams' letter request to terminate his counsel's representation [Docket No. 188] is **DENIED**.

Dated: February 16, 2007             s / Michael J. Davis
                                     Judge Michael J. Davis
                                     United States District Court