UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              **MEMORANDUM OF LAW & ORDER**
                                Criminal File No. 04-313 (MJD/FLN)

(1) LARRY DARNELL WILLIAMS,

        Defendant.

Michael L. Cheever, Assistant United States Attorney, Counsel for Plaintiff.

Robert H. Meyers, Office of the Federal Defender, Counsel for Defendant.

## I.  INTRODUCTION

This matter is before the Court on Defendant's Motion to Reduce Sentence under the First Step Act [Docket No. 244] and Pro Se Motion to Reduce Sentence [Docket No. 240].

## II.  BACKGROUND

On March 16, 2005, a jury found Defendant Larry Darnell Williams guilty of Count 1: conspiracy to distribute and to possess with intent to distribute in excess of 50 grams of a mixture or substance containing cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; Count 2: possession with

1

intent to distribute a mixture or substance containing detectable amount of cocaine based ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C); Count 3: possession with intent to distribute in excess of 5 grams of a mixture or substance containing cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B); and Count 5: felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).

On June 29, 2007, the Court held a sentencing hearing. Over Defendant's objection, the Court ruled that the Guideline career offender enhancement applied because Defendant had at least two previous felony convictions for crimes of violence based on the two previous aggravated robbery convictions. U.S.S.G. § 4B1.1. The Court calculated the applicable Guidelines as follows

> Total Offense Level:        37
> Criminal History Points:    11 (Category VI – Career Offender)
> Imprisonment Range:         360 months to life
> Supervised Release:         5 years
> Fine Range:                 $20,000 to $7,000,000
> Special Assessment:         $400

The statutory penalties for each count of conviction were: Count 1: 10 years to life in prison and a supervised release term of at least 5 years; Count 2: 0-20 years in prison and a supervised release term of at least 3 years; Count 3: 5-40 years in prison and a supervised release term of at least 4 years; and Count 5: 0-

10 years in prison and a supervised release term of no more than 3 years.  (PSI at F.2)

The Court sentenced Defendant to 360 months in prison, the low end of the Guideline range, and to 5 years supervised release.  The sentence consisted of: Count 1, 360 months' imprisonment and 5 years' supervised release; Count 2, 240 months' imprisonment and 5 years' supervised release; Count 3, 360 months' imprisonment and 5 years' supervised release; and Count 5, 120 months' imprisonment and 3 years' supervised release, all to be served concurrently.  ([Docket No. 203] Judgment.)

Defendant appealed his conviction and sentence, and the Eighth Circuit Court of Appeals affirmed.  United States v. Williams, 562 F.3d 938 (8th Cir. 2009).  In October 2009, the U.S. Supreme Court denied Defendant's petition for a writ of certiorari.

In 2010, Defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  [Docket No. 214] The Court denied his motion.  United States v. Williams, No. CIV. 10-4185 MJD, 2012 WL 38229 (D. Minn. Jan. 9, 2012).  The Eighth Circuit denied Defendant's

application for a certificate of appealability and dismissed the appeal. [Docket No. 234]

Defendant now moves for a sentence reduction under § 404 of the First Step Act and 18 U.S.C. § 3582(c)(1)(B). Defendant has been in custody since August 5, 2004. (PSI at F.2.) His current anticipated release date is June 19, 2030.

## III. DISCUSSION

### A. Request for Hearing

"[T]he First Step Act does not require district courts to hold a hearing when considering § 404 motions." United States v. McDonald, 944 F.3d 769, 772 (8th Cir. 2019).

The Court has a full record before it upon which to make its decision. The Court presided over Defendant's trial and multiple subsequent hearings. The Court is intimately familiar with Defendant's case. The parties have filed extensive briefs on the current motion and fully presented the facts regarding Defendant's post-sentencing conduct and future plans. The Court is able to make an informed decision on the record before it, and Defendant's request for a hearing in the event that the Court does not sentence him to time served is denied.

### B. First Step Act

>	Congress enacted the Fair Sentencing Act in 2010, which reduced the sentencing disparity between cocaine base and powder cocaine from 100-to-1 to 18-to-1. Section 2 of the Fair Sentencing Act increased the quantity of cocaine base required to trigger mandatory minimum sentences. It raised the threshold for the 5-year minimum from 5 grams to 28 grams, and raised the threshold for the 10-year minimum from 50 grams to 280 grams. Section 3 eliminated the 5-year mandatory minimum for simple possession of cocaine base. These changes did not apply to defendants sentenced before August 3, 2010.

United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019) (citations omitted).

>	In 2018, Congress enacted the First Step Act, which makes certain provisions of the Fair Sentencing Act retroactive. As relevant here, section 404(b) of the First Step Act allows a district court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act § 404(b). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . ., that was committed before August 3, 2010." Id. § 404(a).

McDonald, 944 F.3d at 771.

"The First Step Act applies to a 'covered offense' which '(1) . . . is a violation of a federal statute; (2) the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act; and (3) it was committed before August 3, 2010.'" United States v. Birdine, 962 F.3d 1032, 1033 (8th Cir. 2020) (citation omitted). "[T]he First Step Act applies to offenses, not [relevant]

5

conduct, see First Step Act § 404(a), and it is [defendant's] statute of conviction that determines his eligibility for relief." Id. at 1033–34 (citation omitted).

> A court considering a motion for a reduced sentence under § 404 of the First Step Act proceeds in two steps. First, the court must decide whether the defendant is eligible for relief under § 404. Second, if the defendant is eligible, the court must decide, in its discretion, whether to grant a reduction.

McDonald, 944 F.3d at 772.

In deciding whether and to what extent to grant a sentence reduction under the First Step Act, the Court considers the factors under 18 U.S.C. § 3553(a). United States v. Harris, 960 F.3d 1103, 1106 (8th Cir. 2020). "[T]he § 3553(a) factors in First Step Act sentencing may include consideration of the defendant's advisory range under the current guidelines." Id. "A district court may consider evidence of a defendant's postsentencing rehabilitation at resentencing. But it need not adjust a sentence based on rehabilitation." United States v. Williams, 943 F.3d 841, 844 (8th Cir. 2019) (citations omitted).

"All relief under section 404 of the First Step Act is discretionary." Birdine, 962 F.3d at 1034. See First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

    C.    **First Step Act Calculations**

6

The Government and Defendant agree that Defendant is eligible for a First Step Act § 404 sentence reduction. The Court concludes that Defendant's convictions under 21 U.S.C. § 841(b)(1), Counts 1, 2, and 3, each meet the definition of a "covered offense" under § 404 of the First Step Act. See Birdine, 962 F.3d at 1033.

As to Count 1, the jury found Defendant responsible for more than 50 grams of cocaine base. Under the Fair Sentencing Act, Defendant's statutory range of imprisonment on Count 1 would be reduced to 5-40 years and the statutory range of supervised release would be 4 years to life. 21 U.S.C. § 841(b)(1)(B)(iii). At the time the Court sentenced Defendant, the statutory range was 10 years to life in prison and a minimum term of supervised release of 5 years.

On Count 2 the jury found Defendant responsible for a detectable amount of cocaine base, and on Count 3, the jury found Defendant responsible for more than 5 grams of cocaine base. Under the Fair Sentencing Act, there is no statutory minimum term of imprisonment for these amounts, the statutory maximum term of imprisonment would be 20 years, and the statutory range of supervised release would be 3 years to life. 21 U.S.C. § 841(b)(1)(C). At the time

7

the Court sentenced Defendant, the statutory range was 0-20 years in prison and at least 3 years of supervised release on Count 2 and 5-40 years in prison and a supervised release term of at least 4 years on Count 3.

Defendant remains a career offender based on his two aggravated robbery convictions. See United States v. Pettis, 888 F.3d 962, 966 (8th Cir. 2018). Under the current Guidelines, Defendant's sentencing range would be 262 to 327 based on a total offense level of 34 and criminal history category VI. U.S.S.G. § 4B1.1(b). His supervised release range would be 4-5 years, and the statutory maximum term of supervised release remains life. 21 U.S.C. § 841(b)(1)(B).

### D. Requested Sentences

Defendant requests that the Court reduce his sentence to time served and reduce his term of supervised release from 5 years to 4 years. The Government requests that the Court reduce Defendant's sentence to 262 months, the bottom of the new Guideline range, and opposes any reduction in Defendant's term of supervised release.

### E. Sentence

The Court concludes that Defendant's term of imprisonment should be reduced from 360 months to 240 months. Defendant's 360-month sentence was at the bottom of the then-applicable Guideline range. Under the First Step Act

calculations, Defendant's Guideline range would be 262 months to 327 months, and a reduction of at least 98 months, resulting in a sentence of 262 months, as requested by the Government, would be appropriate to avoid unwarranted sentencing disparities among similarly situated defendants. The Court concludes that a further reduction to 240 months is appropriate given Defendant's evolution while in prison. Although Defendant had serious disciplinary issues during the beginning of his federal incarceration, he has remained free of disciplinary issues during the last seven years. He has participated in extensive education opportunities and has demonstrated a strong work ethic, remaining consistently employed and participating in valuable training programs to improve his employability after release from prison. The Bureau of Prisons has lowered Defendant's security designation during his time in custody. The Court is further heartened by Defendant's plans for employment upon release from prison. A reduction to 240 months is appropriate to reflect Defendant's rehabilitation and the goals of the First Step Act.

However, the Court rejects Defendant's request for a sentence of time served. Defendant's criminal history is serious. His designation as a career offender is based on two violent gun crimes that involved terrifying threats to his

victims. His current offense also involved repeated criminal behavior soon after release from state custody, possessing a loaded gun, and wearing body armor. His conduct was serious and constituted a threat to the public. While in federal custody, Defendant had disciplinary issues for violent infractions. A sentence of at least 240 months is necessary to reflect the seriousness of his offense, to protect the public, and to provide just punishment. Overall, Defendant is receiving a significant reduction in his sentence, and a 240-month sentence is appropriate.

The Court concludes that Defendant's term of supervised release should remain at 5 years. Defendant's record on state supervision was not successful. He violated supervision multiple times. A five-year term of supervision is appropriate to assist Defendant in reacclimating to release by providing structure and accountability to best assure his chance of success and to provide supervision to protect the public given Defendant's history of gun crimes.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

>Defendant's Motion to Reduce Sentence under the First Step Act [Docket No. 244] and Pro Se Motion to Reduce Sentence [Docket No. 240] are **GRANTED** as follows:

1. Defendant's sentence of imprisonment as to Counts 1 and 3 is reduced to 240 months, to be served concurrently to the sentences on all counts.

2. All other terms and conditions of this Court's original sentence shall remain in full force and effect.

Dated:  July 31, 2020                              s/ Michael J. Davis
                                                                                            Michael J. Davis
                                                                                           United States District Court